## Daelhousen *v.* Miles, Appellant.

*Judgments—Opening confessed judgment—Finding of fact.*

The refusal to open a judgment entered by confession on a note was proper where although it was alleged that the mental faculties of the maker were impaired and that undue influence was brought to bear upon him by the payee, it appeared that such maker had, at the time of making the note, ability to transact business and a clear and strong mind, and that he was moved to give the note by appreciation of the services of the payee.

Argued May 3, 1915. Appeal, No. 31, Jan. T., 1915, by defendant, from order of C. P. Warren Co., March T., 1912, No. 204, refusing to open judgment in case of Alwilda B. Daelhousen, Deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Rule to open confessed judgment. Before HINCKLEY, P. J.

The opinion of the Supreme Court states the case.

The lower court refused to open the confessed judgment. Defendant appealed.

*Error assigned,* among others, was in refusing to open the judgment.

*William J. Breene,* with him *Edmond C. Breene, J. H. Alexander* and *W. S. Clark,* for appellant.

*A. C. Brown,* for appellee.

PER CURIAM, May 17, 1915:

The averments upon which the appellant asked the court below to open the judgment entered upon a note executed by Hugh Miles, deceased, are, that at the time he executed the obligation, his mental faculties had be-

come weakened and the appellee procured it from him by undue influence which she exerted over him. The appeal is dismissed on the following fact found by the learned court below: "From all of the evidence concerning the mental capacity of Mr. Miles we find as a fact he had at that time good ability to transact business and a strong and clear mind and clearly understood the nature and character of the transaction, and was competent to give the judgment and we are unable to find that he was induced to do so by any undue influence exercised over him by the defendant or anyone else. In our opinion it was a free and voluntary act which he was moved to do by reason of his appreciation of the services and long continued care of the defendant."

Appeal dismissed at appellant's costs.